[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT #133
The plaintiff, Esther C. Spink, filed a single count complaint sounding in negligence against the defendants: St. Mary's Roman Catholic Church; St. Mary's Roman Catholic Corporation; and the Bridgeport Roman Catholic Church Corporation a/k/a the Bridgeport Roman Catholic Diocesan Corporation. The plaintiff is seeking damages for injuries arising from an alleged fall at St. Mary's Church.
The plaintiff, in paragraph six of the original complaint, alleges that her injuries "were due to the negligence and carelessness of [the] defendants in that: (a) they allowed the installation of extremely heavy front doors which were much too difficult to open for the ordinary person, creating a dangerous condition; (b) said dangerous condition existed for an unreasonable period of time, yet no measures had been taken to remedy or correct same; (c) the doors were not reasonably safe for the uses and purposes intended; (d) the defendants failed to warn of the existence of said dangerous condition; (e) the defendants, in the exercise of reasonable care and inspection, should have known of this condition and remedied same, yet failed to do so."
On February 9, 1996, the plaintiff amended paragraph six. The plaintiff, in the amended paragraph, alleges that the negligent acts were that the defendants: "(a) permitted the installation of extremely heavy front doors which were too difficult to open for persons entering the [c]hurch, thereby creating a dangerous condition; (b) maintained the dangerous condition for an unreasonable period of time without taking measures to remedy or correct same; (c) maintained the doors and the area adjacent thereto in [an] unreasonably dangerous condition not suitable for the purpose intended; (d) failed to warn of the existence of said CT Page 4736 dangerous condition; (e) failed to warn the [p]laintiff that the heavy doors were periodically locked, thereby creating a dangerous condition for those persons ordinarily using said doors in an unlocked or unrestricted mode[;] (f) failed to exercise reasonable care in inspecting and maintaining the doors to the [c]hurch[;] (g) permitted the heavy doors to exist in close proximity to stone steps without providing handrails or a suitable railing for the utilization and safety of persons approaching and entering the [c]hurch [; and] (h) failed to provide handrails or a similar structure to mitigate and/or prevent a fall or the effects thereof."
The defendant has filed a motion for summary judgment on subparagraphs (e), (g) and (h) of paragraph six on the ground that those claims are barred by the statute of limitations, General Statutes § 52-584. The plaintiff argues that the relation back doctrine applies so that the new allegations are deemed filed on the date the original complaint was filed.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Maffucci v. Royal Park Limited Partnership,243 Conn. 552, 554, ___ A.2d ___ (1998).
"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief . . . A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. . . . Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims. . . ." (Citation omitted, internal quotation marks omitted.)Barrett v. Danbury Hospital, 232 Conn. 242, 263-64, 654 A.2d 748
(1995).
In the present case, the plaintiff's additional allegations arise directly from "the single group of facts which was originally claimed CT Page 4737 to have brought about the unlawful injury to the plaintiff." Specifically, the plaintiff is seeking to recover damages for alleged injuries arising from a fall near the front doors of a church. The plaintiff's new allegations do not change that cause of action. Rather, the plaintiff simply adds additional, similar allegations of the possible causes of that fall.
The original complaint provided fair notice of the plaintiff's amended claims against the defendant. Therefore, the relation back doctrine applies. The defendant's motion for summary judgment is denied.
So Ordered.
MINTZ, J.